Gregory C. EDIN, DDS, Plaintiff,

v.

**THE PAUL REVERE LIFE INSURANCE COMPANY, Defendant.**

No. CIV. 97–2434PHX–LOA.

United States District Court, D. Arizona.

Sept. 24, 1999.

Michael J. Meehan, Meehan & Associates, Malcolm Kohl Ryder, Tucson, AZ, for plaintiff.

Stephen M. Bressler, Lewis & Roca LLP, Phoenix, AZ, for defendant.

## MINUTE ENTRY, OPINION AND ORDER

ANDERSON, United States Magistrate Judge.

On September 13, 1999, the Court, for the second time, heard oral argument on Plaintiff's Motion For Protective Order (doc. # 98). Plaintiff is represented by counsel, Malcolm K. Ryder. Defendant is represented by Stephen E. Silverman. The proceedings are being tape recorded.

Initially, the Court *sua sponte* elects to bifurcate consideration of Defendant's Motion To Reduce Plaintiff's Experts' Fees (doc. # 133), filed just recently on September 9, 1999. A briefing schedule and a date and time for oral argument will be set hereinafter. The Court has reviewed and considered the numerous pleadings filed by both sides on this issue as well as the file as a whole.

Oral argument is presented to the Court.

The matter is taken under advisement with written order to follow.

## BACKGROUND

The pending discovery dispute arises from the deposition fees which expert witness Zoran Maric, M.D., a Phoenix orthopedic surgeon, charged Plaintiff's counsel. Defendant retained Dr. Maric to conduct an independent medical examination of Plaintiff and to testify at trial in this alleged breach of disability policy and bad faith litigation. The parties have consented to proceed before a United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

Relying on Rule 26(b)(4)(C)(i), Fed.R.Civ. P., Plaintiff's counsel argues that (1) because of his poor financial condition, it would be a "manifest injustice" to require Plaintiff to pay any of Dr. Maric's deposition fees and that all prepaid fees should be reimbursed to Plaintiff, (2) if the Court finds that Plaintiff's financial condition does not warrant a total waiver of Dr. Maric's fees, Plaintiff should only be required to pay a "reasonable fee" which he submits is a maximum of $400.00 per hour, not the $800.00 first hour fee or the $1400.00 fee for two hours that Dr. Maric charged, and (3) Plaintiff should not be required to pay any portion of Dr. Maric's $1400.00 cancellation fee billed by Dr. Maric's office to defense counsel's firm, Lewis and Roca, LLP, because Plaintiff did not cancel the first deposition scheduled on July 14, 1999 and, or in the alternative, the cancellation fee is unreasonable.

Although somewhat convoluted, the facts leading up to Dr. Maric's scheduled-but-not-taken deposition of July 14, 1999 are not seriously disputed. Apparently as an accommodation to Plaintiff's counsel and because Dr. Maric is a defense trial expert, defense counsel volunteered to make the necessary arrangements with the doctor's staff and thereafter scheduled the deposition of Dr. Maric on the mutually agreeable date of July 14, 1999 for two hours, the amount of time Plaintiff's counsel desired. Thereafter Plaintiff's counsel sent out a Notice of Deposition. Dr. Maric was not served with a subpoena for this deposition. The parties do not dispute that all counsel possessed a copy of Dr. Maric's fee schedule [1] sometime before July 12, 1999.

According to Plaintiff's counsel, Malcolm K. Ryder of Tucson, Dr. Maric's office staff called him in Tucson on the afternoon of July 12th, less than two full days before the July 14th deposition, and advised him that if the doctor's office did not receive the full payment ($1400.00) by 5:00 p.m. that same day, the deposition would be cancelled. Later that same day, Plaintiff's counsel telephoned Dr. Maric's office manager, Lillian Maric, to negotiate what counsel thought was a reason-

---

1. Dr. Maric's fee schedule is set forth as Exhibit 3 to Defendant's Supplemental Response, filed on August 20, 1999, in a document called Confirmation Form. It provides, in part, that his deposition fees are "$500.00 1st half hour; $300.00 each add'l half hour." His cancellation policy requires "[t]estimony . . . be cancelled at least (5) business days prior or there will be a 50% charge. If cancelled within (3) business days prior, the entire prepay is non-refundable."

able fee ($800.00 for two hours), a much lower sum than Dr. Maric's customary rate ($1400.00) for two hours, only to be told, among other things, that "this is not a swap meet" and "we don't need you lawyers, you need us." Counsel's efforts to explain Federal Rule of Civil Procedure 26 and the requirement that an expert witness charge "a reasonable fee" were futile in lowering the fee. Thereafter, both counsel commendably stipulated that Plaintiff's counsel would advance the $800.00 first-hour fee and defense counsel would pay the $600.00 balance, thereby, preserving the issue of the reasonableness of the fee for the trial court to resolve at a later date.

The next day, July 13, 1999, Plaintiff's counsel advised Dr. Maric's office that counsel had reached a stipulation to pay Dr. Maric's fee in full so that the deposition could go forward on July 14th as originally scheduled. Dr. Maric's office, however, informed counsel that the deposition had been cancelled and that patients had been scheduled to see Dr. Maric during the time set for the deposition. Plaintiff's counsel requested that the office manager reconsider and explained that if Dr. Maric cancelled the deposition, it would be without his consent and despite his objection. Thereafter, Dr. Maric's office billed defense counsel's law firm, Lewis and Roca, LLP, for the cancellation fee of $1400.00 because the law firm actually scheduled the deposition. Defense counsel requests that this Court order Plaintiff's counsel or Plaintiff to pay the subject cancellation fee. Plaintiff's counsel refuses. The bill remains unpaid.

In late August, Plaintiff's counsel rescheduled Dr. Maric's deposition for two hours on September 2, 1999. Dr. Maric's office did not require the aforesaid cancellation fee be paid in advance but did require prepayment of a new deposition fee of $1400.00. An initial Court hearing was held on Plaintiff's motion on August 31st, 1999 but was continued so that counsel could provide the Court with additional information. Immediately after this Court hearing, Plaintiff's counsel personally delivered a check for $1400.00 to the doctor's office, reserving the right to challenge the reasonableness of this deposi-

tion fee at a later time. Dr. Maric's deposition took place on September 2, 1999. Although Plaintiff's counsel had scheduled two hours, the deposition lasted only one hour at Mr. Ryder's discretion who asked all but six of the questions posed to Dr. Maric. The doctor, however, had reserved a full two hours on his office calendar for the deposition based on the amount of time Plaintiff's counsel requested, and was apparently fully prepared to attend the full two hours.

Plaintiff's pending motion seeks reimbursement from Defendant of $1,000.00 of the $1400.00 he prepaid for the September 2, 1999 deposition. In other words, Plaintiff's counsel will pay Dr. Maric a "reasonable" fee of $400.00 for one hour of the scheduled two-hour deposition. Plaintiff's counsel does not believe he should be charged for the second hour which the lawyers did not use. At oral argument, Defendant argued that (1) $800.00 for the first hour and $600.00 per hour thereafter is a reasonable fee for Dr. Maric to charge an attorney for a deposition, (2) Plaintiff is not indigent and that a "manifest injustice" would not occur by requiring Plaintiff to pay Dr. Maric whatever the Court deems to be reasonable, (3) Plaintiff's counsel should be required to pay for the full two hours reserved for the doctor's deposition, and (4) Plaintiff or his counsel, not Lewis and Roca, should pay the entire $1400.00 cancellation fee that Dr. Maric charged defense counsel's law firm for the first deposition scheduled for July 14, 1999.

### THE LAW

Federal Rule of Civil Procedure 26(b)(4)(C) governs the pending dispute and provides, in relevant part, as follows:

(C). Unless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision.

*Id.*

What constitutes a "reasonable fee" for purposes of Rule 26(b)(4)(C) lies within the Court's sound discretion. *See,* 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure,* Civil 2d, § 2034 at 469—470 (2d ed.1994) (stating that "[a]ll-

though the rule is mandatory in the sense that the court may not entirely refuse to direct payment, it is up to the district court to determine what is a reasonable fee. The courts have deplored the paucity of authority on the subject, but have resisted efforts by experts to charge opposing parties unreasonable amounts.")

Although several other jurisdictions have addressed the issue of the reasonableness of an expert's deposition fee, counsel have not provided to the Court, nor has the Court discovered, any Ninth Circuit or District of Arizona decisions on the issue.[2] *See, Hose v. Chicago & North Western Transp., Co.*, 154 F.R.D. 222 (D.C.Iowa 1994)(fee of $800.00 per hour charged by neurologist was unreasonable, reduced to $400.00); *Dominguez v. Syntex Laboratories, Inc.*, 149 F.R.D. 166 (D.C.Ind.1993)(fees of $800.00 and $860 per hour for deposition testimony deemed "grossly excessive"); *Jochims v. Isuzu Motors, Ltd.*, 141 F.R.D. 493 (D.C.Iowa 1992)(Court refused to direct Plaintiff's expert be compensated at the rate of $500.00 per hour by defense counsel, where expert only charged Plaintiff's counsel $250.00); *Anthony v. Abbott Laboratories*, 106 F.R.D. 461 (D.C.R.I.1985)(Plaintiff's expert not entitled to a deposition fee of $420 per hour); *Bowen v. Monahan*, 163 F.R.D. 571 (D.C.Neb.1995)(disapproving medical toxicology expert's $3000.00 fee to appear at deposition disapproved and reducing fee to $1500.00).

The few courts that have discussed the issue, however, have noted the "continuing escalation of expert witness fees and the all too frequent attitude of experts that their fees should be set at the maximum-the-traffic-will-bear is of great concern," *Jochims*, 141 F.R.D. at 493, and "[i]n the final analysis, the mandate of Rule 26(b)(4)(C) is not that an adverse expert will be paid his heart's desire, but that he will be paid 'a reasonable fee.'" *Anthony*, 106 F.R.D. at 465.

■ Although few cases discuss the issue of what constitutes a "reasonable" expert fee, those cases addressing the issue have set forth seven factors to consider in determining the reasonableness of a fee: (1) the witness's area of expertise; (2) the education and training required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to assist the court in balancing the interests implicated by Rule 26. *U.S. Energy Corp. v. NUKEM, Inc.*, 163 F.R.D. 344 (D.Colo.1995); *Goldwater v. Postmaster General of the United States*, 136 F.R.D. 337 (D.Conn.1991); *Jochims*, 141 F.R.D. at 493; *Hose*, 154 F.R.D. at 225–226.

■ After analyzing these seven factors, the Court concludes that Dr. Maric's deposition fees are unreasonably high. Initially, the Court notes that Dr. Maric is unquestionably a highly skilled and knowledgeable expert witness as he is a board-certified orthopedic surgeon, specializing in the spine and practicing medicine since 1986. Clearly, he has completed significant higher education beyond college including, but not limited to, graduation from medical school, successful completion of an orthopedic residency program at Maricopa Medical Center in Phoenix, and a one-year spinal surgery fellowship in California, all of which are set forth on his curriculum vitae. The third factor, however, the prevailing rates of other comparably respected available experts, troubles the Court.

Defense counsel has provided to the Court as Exhibit A a fee schedule of four local orthopedic surgeons who frequently serve as expert witnesses in casualty litigation. Defense counsel claims that their fees are representative of what experts charge for depositions in the Phoenix area. Plaintiff's counsel neither disputes nor has he provided conflicting evidence to the Court. Dr. Dennis Crandall, Plaintiff's expert herein, charges the highest rate at $1000.00 per hour; Dr. Glen Bair the lowest at $600.00

---

**2.** Arizona has a very similar rule establishing a reasonable expert witness fee for time spent in responding to discovery. See, Rule 26(b)(4)(C), Arizona Rules of Civil Procedure. There are, however, no published Arizona appellate decisions interpreting this rule.

per hour; and the average of the four is the rate of $775.00 per hour. Most of the identified experts charge (unknown as to Dr. Bair as his charges appear to vary) significantly less for consulting with a retaining lawyer or preparing the expert for a deposition than the experts charge for a deposition taken by adverse counsel.[3] Specifically, Dr. Maric charges the retaining attorney $400.00 per hour for a medical/legal consultation and $400.00 per hour for preparing him for his deposition. Dr. Maric, however, charges adverse counsel a significantly higher fee, $800.00 for the first hour and $600.00 per hour thereafter, for a deposition even though the subject matter, issues, and questions are usually the same or similar to those which the retaining attorney asks during the consultation.[4] The physicians charge even lower rates per hour to their patients for office visits. For example, Dr. Maric charges his patients between $380.00 to $440.00 per hour for office visits.[5] Thus, the Court concludes that Dr. Maric's fee schedule likely is based, in large part, upon with whom the expert is dealing, i.e. retaining counsel, adverse counsel, or his patient. Moreover, the Court infers from the evidence that Dr. Maric charges significantly higher fees to discourage lawyers from involving the doctor in the discovery process and that a mindset exists in Dr. Maric's office that the lawyers need Dr. Maric's expertise more than he needs them so he may charge adverse counsel whatever he deems appropriate. This extortionist practice can not be condoned by the Court.

By the same token, the Court recognizes that depositions of an adverse expert are, at times, stressful and, unfortunately, usually adversarial in nature. Moreover, depositions require better preparation and more thoughtful and precise answers by the depo-

nent than a casual office visit with retaining counsel or a patient. Thus, the Court finds it reasonable to charge a modestly higher fee for a deposition taken by adverse counsel but not two or more times the cost for a medical/legal consultation.[6]

Although the market may bear a higher rate in this community for physician deposition fees and the local legal culture may willingly tolerate and pay whatever doctors charge as evidenced by the paucity of decisions in this area in Arizona, the Court is compelled to enforce the Federal Rules of Civil Procedure and to order that only a reasonable fee be paid as a part of the Court's obligation "to patrol the battlefield to insure fairness" and to eliminate "extortionate fee setting." *See, Anthony,* 106 F.R.D. at 465. The Court FINDS that no reasonable relationship exists between the deposition services Dr. Maric rendered and the fee which he charged. The Court FURTHER FINDS that Dr. Maric's deposition fees, $1400.00 for 2 hours, are grossly unreasonable. The Court FURTHER FINDS that the sum of $450.00 per hour for Dr. Maric's time for a deposition in this case is a reasonable deposition fee. Thus, the Court will order the Defendant to reimburse Plaintiff's counsel at the rate of $450.00 per hour as hereinafter set forth.

■ Next, the Court considers Plaintiff's claim that it would be manifestly unjust to require Plaintiff to pay any fee for Dr. Maric's deposition. After a review of Plaintiff's affidavit, the Court cannot find that Plaintiff is indigent or that requiring him to pay a deposition fee incurred in litigation that he voluntarily initiated would create an undue hardship on him. Plaintiff, a dentist by training and education, claims he is disabled and unable to receive income from his labor

---

3. The Court realizes that there are a small percentage of cases wherein a treating or consulting physician's deposition is taken to preserve his/her testimony if the witness is unavailable for trial. Those fees, if different, have not been provided to the Court.

4. Exhibit A shows a consultation charge of $400.00 per hour and a deposition charge of $800.00 for the first hour and $600.00 per hour thereafter.

5. The Court has not been provided with what is actually paid *vis a vis* what is charged. It is common knowledge that in these times of managed health care, insurers routinely significantly reduce the amount paid to physicians for patient care.

6. The Court notes that Dr. Crandall charges nearly **6 times more** for a deposition than he does for a private consultation with an attorney, i.e. $175.00 per hour v. $1000.00 per hour.

(which are apparently two of the primary disputed issues in this litigation). He verifies in his affidavit that he receives $3564.41 per month from the sale of his dental practice in 1994. Additionally, he received a substantial settlement from a "UNUM" (presumably either an uninsured or underinsured motorist) claim or policy in 1996. Although Plaintiff may have difficulty budgeting his monthly income to pay his monthly debts, this is not a case in which a manifest injustice would occur were Plaintiff required to pay an expert's reasonable deposition fee. Accordingly, the Court will deny Plaintiff's request that he be reimbursed all of Dr. Maric's deposition fees.

█ Plaintiff's counsel also requests that the Court order that he be responsible for only the cost of the one hour that the September 2, 1999 deposition lasted. He does not dispute that he initially reserved a full two hours on the doctor's office calendar for the deposition, paid for two hours in advance, and that he, not the doctor nor adverse counsel, chose to conclude the deposition after only one hour. There is no evidence that either the doctor or defense counsel contributed to the early termination of the deposition. Furthermore, Dr. Maric was willing and available to be questioned for the full two hours if Plaintiff's counsel had elected to do so. Plaintiff's counsel argues, however, that Dr. Maric was freed-up an hour earlier than expected wherein he could have, and perhaps did, attend to patient care or perform other duties related to his practice of medicine. The Court finds this argument unpersuasive.

The Court concludes that because Plaintiff's counsel voluntarily reserved two hours on the doctor's calendar for the subject deposition, the doctor and office manager reasonably relied on counsel's representation that the deposition would last two hours so that no other medical matters were scheduled during the second hour, and there was no advance notice that the deposition would end earlier than anticipated, it is reasonable for Plaintiff's counsel to reasonably compensate Dr. Maric for the second hour. Any windfall in this situation to the doctor as a result of the decision of Plaintiff counsel to terminate the deposition earlier than he anticipated should inure to the benefit of the doctor who cleared his calendar. Accordingly, the Court will deny Plaintiff's request to pay only for one hour.

Finally, Defendant requests the Court to order Plaintiff's counsel or Plaintiff to pay the bill sent to Lewis & Roca for the $1400.00 cancellation fee for the first deposition setting on July 14th, 1999. The Court views this dispute as collateral to the subject discovery dispute and between Dr. Maric and defense counsels' law firm. Plaintiff's counsel has made it quite clear that he objected to Dr. Maric's office manager's unilateral decision to cancel the deposition, especially after all counsel herein had reached a compromise agreement of the deposition to allow the deposition to go forward as scheduled. Moreover, this Court has no jurisdiction at this time over Dr. Maric and elects not to involve itself in this collateral dispute involving a nonparty wherein it is unable to issue appropriate orders over all concerned regarding the matter. If the law firm or defense counsel do not feel they owe the bill or any portion thereof, they may decline to pay it. Dr. Maric would then be forced to further evaluate the reasonableness of his cancellation fee in light of the patient care that his staff substituted during the time the deposition had been set. If Dr. Maric elects to bring a claim against either or both counsel herein in State court for a resolution of the matter, a State trial judge may enter appropriate orders on the reasonableness of the fee, the liability, if any, for it and award attorney's fees to the prevailing party. See, A.R.S § 12–341.01. Accordingly, the Court will deny defense counsel's request in this regard without prejudice.

Accordingly,

. **IT IS ORDERED** bifurcating from this proceeding today any ruling and argument on Defendant's Motion To Reduce Plaintiff's Experts' Fees (doc. # 133).

**IT IS FURTHER ORDERED** that Plaintiff shall file a response to Defendant's Motion To Reduce Plaintiff's Experts' Fees by 5:00 p.m. on October 6, 1999. A reply, if any, shall be filed by 5:00 p.m. on October 18, 1999. The Court will rule on the matter

thereafter without oral argument unless either counsel requests oral argument in writing within 10 days hereof.

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Protective Order Re: Expert Fee Of Dr. Maric (doc. # 98) is **GRANTED** and that Defendant shall reimburse Plaintiff's counsel the sum of $500.00 [$1400.00 paid less the sum of $900.00 ($450.00 × 2 hours)] within 30 days of the date of this Order. Absent good cause shown, the failure to timely pay those fees ordered reimbursed herein may result in sanctions being imposed by the Court including, but not limited to, an Order precluding the Defendant from using Dr. Maric or his deposition testimony at trial.

**IT IS FURTHER ORDERED** denying Plaintiff's counsel's request that all reasonable deposition fees charged by Dr. Maric be waived on the grounds that a manifest injustice would allegedly occur were Plaintiff required to pay Dr. Maric's reasonable deposition fees.

**IT IS FURTHER ORDERED** denying Plaintiff's counsel's request that he not be required to pay for two hours of scheduled deposition time for Dr. Maric's deposition.

**IT IS FURTHER ORDERED** denying without prejudice Defendant's request that Dr. Maric's $1400.00 deposition cancellation fee by paid by either Plaintiff or his counsel.