Robert Kevin FLEMING,
et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 2:98CV00215.

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

Dec. 6, 2000.

Thomas Ralph Scott, Jr., Street, Street, Street, Scott & Bowman, Grundy, VA, Simon Delano Roberts Moore, Lori Dawn Thompson, Leisa Kube Ciaffone, Gentry, Locke, Rakes & Moore, Roanoke, VA, for plaintiffs.

Phyllis J. Pyles, Robin D. Smith, Somesha Ferdinand, U.S. Department of Justice Torts Branch, Civil Division, Washington, DC, Stephen L. Cohen, Civil Division, Tort Branch, Washington, DC, for defendant.

## OPINION AND ORDER

JONES, District Judge.

The plaintiffs have filed a Motion for Payment of Expert Witness Fees, to be paid by the defendant, pursuant to Federal Rule of Civil Procedure 26(b)(4)(C). For the reasons set forth below, I will grant in part and deny in part the plaintiffs' motion.

### I

On September 7, 2000, the plaintiffs' expert witness, Samuel S. Johnson, a mining engineer, was deposed by defense counsel. By agreement of counsel, Johnson's deposition took place at the law offices of plaintiffs' counsel in Roanoke, Virginia. Consequently, Johnson traveled from his office in Lexington, Kentucky, incurring approximately $1,980 in travel expenses. This amount included billable time spent traveling, mileage, two nights of hotel accommodations, and meals. (Pl.'s Mot. Pmt. Expert Witness Fees ¶ 3, Ex. A.) Defense counsel traveled from their offices in Washington, D.C. (Id. ¶ 2.)

In the bill submitted to the plaintiffs' attorneys, Johnson also included a fee of $550 for deposition preparation. While the invoice does not indicate what that preparation entailed, it does reflect time of five hours spent doing so. (Id. Ex. A.)

Pursuant to Federal Rule of Civil Procedure 26, the plaintiffs filed this motion, asking the court to order that the defendant pay both Johnson's travel and preparation expenses on the grounds that such costs are reasonable and that no manifest injustice would result from such an order. See Fed. R.Civ.P. 26(b)(4)(C).[1]

### II

Rule 26 provides, in pertinent part, that "[u]nless manifest injustice would result, (i) the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery ..." Fed.R.Civ.P. 26(b)(4)(C).

The goal of Rule 26(b)(4)(C) is to calibrate expert fees, so that plaintiffs will not be unduly burdened in their efforts to hire quality experts, while defendants will not be hampered by unreasonably high fees which prevent feasible discovery. Ultimately, it is in the court's discretion to set an amount that it deems reasonable. See Hurst v. United States, 123 F.R.D. 319, 321 (D.S.D.1988).

With regard to the plaintiffs' claim for Johnson's travel expenses, it would seem logical that if Johnson had been brought to defense counsel's office, then defense counsel should be made to pay his travel expenses. See M.T. McBrian, Inc. v. Liebert Corp., 173 F.R.D. 491, 493 (N.D.Ill.1997).

In this case, however, Johnson was not brought to defense counsel's office in Washington. Rather, Johnson was deposed at the offices of the plaintiffs' attorneys in Roanoke. Thus, the defendant is being asked not only to pay the costs incurred by its attorneys, but also those of the plaintiffs' expert in traveling to Roanoke.

There was no apparent gain to the defendant by having Johnson travel to Virginia for his deposition. Johnson could just as easily have been deposed in Kentucky, avoiding the need for Johnson to incur the travel expenses now in question. See id. The only benefit visited here was upon the plaintiffs' attorneys

1. Also included in Johnson's bill was a fee of approximately $1,088 for his deposition. That amount, however, is not in dispute.

190

in not having to incur any expense or inconvenience in traveling to a location where a witness, or opposing counsel, was located.

Accordingly, I find that to impose Johnson's travel expenses upon the defendant would work that sort of obstacle into the discovery process sought to be avoided under Rule 26(b)(4)(C) and is thus unreasonable under the circumstances.[2]

■ Addressing the plaintiffs' claim for Johnson's preparation fees, it is well established that time spent by an expert preparing for his or her deposition by opposing counsel is part of a reasonable fee under Rule 26(b)(4)(C). *See Hose v. Chicago & North W. Trans. Co.*, 154 F.R.D. 222, 228 (S.D.Iowa 1994); *Hurst*, 123 F.R.D. at 321; *Carter-Wallace v. Hartz Mountain Indus., Inc.*, 553 F.Supp. 45, 53 (S.D.N.Y.1982). This is often due to the complexity of issues presented by a case, the lapse in time between the expert's examination of the facts and the deposition, the level of detail in an expert's report and supporting schedules, or the volume of pleadings submitted by the parties. *See S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 154 F.R.D. 212, 214 (E.D.Wis.1994); *Rhee v. Witco Chem. Corp.*, 126 F.R.D. 45, 47 (N.D.Ill.1989).

■ In this case, Johnson seeks compensation for five hours spent preparing for his deposition, a reasonable amount of time in light of the specific issues for which he provided testimony, the amount of materials he needed to review, and the report he furnished. Thus, I will order that the defendant pay this amount pursuant to Rule 26(b)(4)(C).

### III

For the aforementioned reasons, it is **ORDERED** as follows:

1. The plaintiffs' Motion for Payment of Expert Witness Fees is denied insofar as it seeks payment by the defendant for travel expenses incurred by Samuel S. Johnson in attending his deposition; and

**2.** An additional day's lodging was incurred by Johnson because his deposition carried over to a second day, although at the beginning of the second day the defendant's counsel announced

2. The plaintiffs' said motion is granted as to, and the defendant is directed to pay, the fee of $550 incurred by Samuel S. Johnson in preparing for his deposition by defense counsel.

that he had no more questions. There is no indication, however, that counsel did not act in good faith in holding the witness for a second day.