Amy **FREDERICK**, Plaintiff,

v.

**COLUMBIA UNIVERSITY,**
et al., Defendants.

**No. 01 Civ. 4632(AGS)(RLE).**

United States District Court,
S.D. New York.

Jan. 6, 2003.

Kenneth F. McCallion, Rajan Sharma, McCallion & Associates, LLP, New York City, for Plaintiff.

Jesse J. Graham, II, Rivkin Radler, LLP, New York City, Eric Saul Strober, Radler, LLP, New York City, for Defendants.

## OPINION & ORDER

ELLIS, United States Magistrate Judge.

### I.  INTRODUCTION

Defendants Columbia University and Carrier Corporation have requested that the Court reduce the deposition fee demanded by plaintiff's expert Dr. Gary Ordog. Defendants also contend that Dr. Ordog's demand for first class travel and $300 per hour of travel is unreasonable, and they request either that he be produced in New York or that plaintiff bar the travel costs. For the reasons which follow, the Court finds that the demanded deposition fee of $975 per hour is unreasonable and hereby orders that it be reduced to $375 per hour. The Court further finds that Dr. Ordog may be compensated for no more than $200 per hour for travel time, and defendants are not required to provide him with first class travel and accommodations.

## II. DISCUSSION

■ According to Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure, "[u]nless manifest injustice would result, ... the court shall require that the party seeking discovery pay the expert a *reasonable fee* for time spent in responding to discovery ..." Fed. R.Civ.P. 26(b)(4)(C), emphasis added. In determining whether an expert fee is "reasonable," courts are guided by the following factors: "(1) the witness's area of expertise, (2) the education and training that is required to provide the expert insight that is sought, (3) the prevailing rates for other comparably respected available experts, (4) the nature, quality and complexity of the discovery responses provided, (5) the cost of living in the particular geographic area, (6) the fee being charged by the expert to the party who retained him, (7) fees traditionally charged by the expert on related matters, and (8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26." *Adams v. Memorial Sloan Kettering Cancer Center*, 2002 WL 1401979, at *1 (S.D.N.Y. June 28, 2002) (*quoting Coleman v. Dydula*, 190 F.R.D. 320, 324 (W.D.N.Y.1999)); *see also Magee v. The Paul Revere Life Insurance Co.*, 172 F.R.D. 627, 645 (E.D.N.Y.1997); *Silberman v. Innovation Luggage, Inc.*, 2002 WL 1870383, at *1 (S.D.N.Y. August 13, 2002).

■ As noted above, Dr. Ordog has demanded compensation of $975 per hour of deposition, first class travel, and $300 per hour of travel time. Plaintiff contends that Dr. Ordog has a unique combination of qualifications because, in addition to being a toxicologist, he has a medical degree, is certified by the American Board of Medical Toxicology, and has been listed as an expert in toxicology by the Los Angeles County Bar Association. Plaintiff argues that Dr. Ordog's fees, therefore, should not be compared to other toxicologists or practicing physicians.

This Court does not purport to question Dr. Ordog's expertise as to the health impacts of neurotoxic molds. However, the Court does not find that his qualifications warrant the exorbitant fees requested. In *Cabana v. Forcier*, 200 F.R.D. 9, 15–16 (D.Mass.2001), the expert witness was a nationally recognized medical toxicologist whose fees of $1,180 per hour were reduced to a rate of $375. *See also Magee*, 172 F.R.D. at 645 (psychiatrist with numerous degrees, publications, board memberships and past faculty positions was required to reduce hourly fee to $250); *Silberman*, 2002 WL 1870383 at *1 ($350 hourly fee upheld for Manhattan-based photography expert with over fifty years of experience in photography and licensing); *Edin v. Paul Revere Life Ins. Co.*, 188 F.R.D. 543, 547 (D.Ariz.1999) (orthopedic surgeon's hourly rate as expert witness reduced to $450).

Plaintiff contends that because Dr. Ordog's testimony will concern the impact of neurotoxic molds on the plaintiff's health, the complexity of his responses to discovery justify the fees demanded by him. Finally, plaintiff argues that the balancing of the parties' interests under Rule 26, including the fact that plaintiff has already incurred substantial expenses in procuring this witness, do not warrant this Court's intervention. The Court disagrees and finds Dr. Ordog's hourly rate for depositions should be reduced to $375.

■ As a general matter, travel time for experts has been held compensable. *Magee*, 172 F.R.D. at 646; *David Tunick, Inc. v. Kornfeld*, 151 F.R.D. 534, 536 (S.D.N.Y. 1993). While the travel fees sought by Dr. Ordog are high, defendants' suggestion to transfer such costs to the plaintiff is not an adequate solution. The Court hereby finds that Dr. Ordog's hourly rate for travel time must be reduced to $200. Furthermore, first class travel from Los Angeles to New York and first class accommodations in New York are not to be mandatory. This order obviously does not prevent the parties from agreeing to conduct Dr. Ordog's deposition at his place of business in California, in which case reimbursement for travel expenses would be unnecessary.

## III. CONCLUSION

In light of the foregoing, Dr. Ordog will be compensated at an hourly rate of $375 for his deposition and $200 per hour for travel time. Additionally, defendants are not required to

provide first class travel or first class accommodations for Dr. Ordog.