Cody Hastings **MASSASOIT**, as Executor for Tallas Hastings Tomeny Deceased, and Stephen Phelps, Plaintiffs,

v.

Sheriff Lane **CARTER**, in his official capacity, Deputy Randall Butler, in his official capacity, Moore County Sheriff's Department, Defendants.

No. 1:04CV00151.

United States District Court, M.D. North Carolina.

March 18, 2005.

Curtis Scott Holmes, Durham, NC, Joseph M. Dalton, Jr., Nashville, TN, for Plaintiffs.

Tyrus Vance Dahl, Jr., Winston–Salem, NC, for Defendants.

## ORDER

ELIASON, United States Magistrate Judge.

■ Plaintiffs have filed a motion for this Court to determine the reasonable fees which defendants' expert witness can charge for having his deposition taken. Defendants have identified their expert witness pursuant to Fed.R.Civ.P. 26(a)(2)(A) and have identified him as a retained expert for whom an expert report is necessary pursuant to Rule 26(a)(2)(B). The expert report has been supplied to plaintiffs, who now want to take the deposition of defendants' expert. Plaintiffs complain that the expert intends to charge a $2,000.00 flat rate fee, which plaintiffs claim is unreasonable.

The starting point begins with Rule 26(b)(4)(C). It states that "[u]nless manifest injustice would result, ... the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision." As noted by the treatise writers:

Although the rule is mandatory in the sense that the court may not entirely refuse to direct payment, it is up to the district court to determine what is a reasonable fee. The courts have deplored the paucity of authority on the subject, but have resisted efforts by experts to charge opposing parties unreasonable amounts.

8 Charles Alan Wright, Arthur R. Miller and Richard L. Marcus, *Federal Practice and Procedure* § 2034, at 469–470 (1994 Ed.).

In support of their motion, plaintiffs state that they have retained three expert witnesses, who charge from $75.00 per hour to $125.00 per hour. They further contend that they have only requested defendants' expert to reserve two to three hours at his office and that the $2,000.00 flat rate fee amounts to a charge of over $600.00 an hour. From this, plaintiffs argue that not only is defendants' expert deposition fee out of line with what other experts charge, but it is patently exorbitant.

Other courts which have dealt with this issue apply a number of factors which are helpful in resolving such disputes. As stated by the court in *U.S. Energy Corp. v. NUK-EM, Inc.*, 163 F.R.D. 344, 345–346 (D.Colo. 1995):

Although there is a paucity of decisions in the area of what constitutes a "reasonable" fee for an expert, those cases which have addressed the issue have set forth seven factors to be considered in determining whether or not a fee is reasonable: (1) the witness's area of expertise; (2) the education and training that is required to provide the expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually being charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26. *Jochims v. Isuzu Motors, Ltd.*, 141 F.R.D. 493, 495 (S.D.Iowa 1992); *see also Hose v. Chicago and North Western Transp. Co.*, 154 F.R.D. 222 (S.D.Iowa 1994); *Goldwater v. Postmaster General of the United States*, 136 F.R.D. 337 (D.Conn.1991).

Defendants recognize these factors and provide some information in support of them. The case involves an allegation of use of excessive force by a law enforcement officer

in violation of 42 U.S.C. § 1983. They show that their expert is nationally and internationally renowned in the field of law enforcement and related areas. Defendants propose to have him give an opinion that the officer used reasonable force, but it is more likely that he will be able to render an opinion with respect to training and practices relating to law enforcement officers.[1] He has extensive experience in training, speaking, teaching, and acting as an expert witness. They also show that he has education, training, and experience in these areas, and have included his *curriculum vitae.* Advanced degrees are not required for practicing, and the field is not one of technical complexity. With respect to the prevailing rates, defendants contend that his rates are comparable with other national experts and have included the fee schedules of a Dr. George Kirkham. Defendants contend that because both individuals have national and international stature, that the fee of defendants' expert is not unreasonable.[2]

Next, defendants state that this is a complex case. The Court would agree that it is an unusual case because it involves allegations of excessive force pursuant to 42 U.S.C. § 1983, wherein two United States Army soldiers were shot by a Moore County Deputy Sheriff, while they were engaged in a covert or secret training exercise (of which the deputy was apparently unaware), after the deputy made a stop of the vehicle in which the soldiers were riding. However, the issues on which the expert will render an opinion are not complex in the sense that they require significant advanced study, research, or training and experience, in the same way that would be required of a neurosurgeon, a rocket scientist, or accountant. The experts in this case will be testifying to police standards. *See* n.1. This is not a field with stringent entrance requirements.

Because defendants' expert apparently consults as a living, defendants do not show the fees the expert would forego by having his deposition taken. That can be an important indicator as to whether the deposition fee is excessive. However, defendants do utilize the expert's fee schedule to prove that there is not an unusual discrepancy in the deposition charge compared to the fees which the expert has charged defendants themselves. According to the fee schedule, the expert charges $250.00 per hour, with a $6,000.00 minimum, to review a case. For trial testimony, he charges $250.00 per hour for preparation, and $3,000.00 a day. For depositions, he bills a flat rate of $2,000.00 per day. He charges $2,000.00 per site inspection or investigation.

Plaintiffs did not file a reply to defendants' brief and, consequently, much of defendants' assertions have gone unchallenged. Therefore, the Court will only focus in on the most

---

1. The Court takes time out to express its concerns that both sets of experts appear to wish to give an opinion on the ultimate question reserved for the jury by stating that they can say what a reasonable objective officer would have done based on their, *i.e.,* the experts, review of exhibits. The expert's primary function in a case, such as the instant one which involves an allegation of excessive force on the part of a law enforcement officer, is to testify concerning police standards. *Kopf v. Skyrm,* 993 F.2d 374, 378 (4th Cir.1993). Yet, there is no blanket rule as to whether an expert's opinion will or will not be allowed. *Id.* at 379. There will more likely be a need for an expert if special tools, such as guns, mace, dogs, etc., were used. *Id.* On the other hand, if a plaintiff's actions are indisputably dangerous, there may be no place for an expert, even when a gun is involved. *Pena v. Leombruni,* 200 F.3d 1031 (7th Cir.1999), *cert. denied,* 530 U.S. 1208, 120 S.Ct. 2207, 147 L.Ed.2d 240 (2000). Ultimate opinions would appear to be disfavored, *United States v. Schatzle,* 901 F.2d 252 (2d Cir. 1990); *McCloughan v. City of Springfield,* 208 F.R.D. 236 (D.C.Ill.2002) (the expert in that case is defendants' expert in this case); *Burger v. Mays,* 176 F.R.D. 153 (E.D.Pa.1997), although, in rare instances and unique cases, expressions of opinion that approach an ultimate opinion in phrasing may be allowed, *United States v. Mohr,* 318 F.3d 613 (4th Cir.2003) (rebuttal). However, the attempted use of experts to give their particular interpretation of contested facts so as to offer an opinion on reasonableness is not proper. *Clem v. Corbeau,* 98 Fed.Appx. 197 (4th Cir.2004). In fact, when the only issue is over which set of contested facts to believe, an expert is not needed at all. *Jackson v. Harsch,* 116 F.3d 465 (2d Cir.1997)(Table).

2. It is not clear that being an international or national expert should be a basis for allowing a larger fee. Both plaintiffs and defendants will have to show the standard applicable to a Moore County, North Carolina, deputy. They will not likely be giving an opinion on the reasonableness of the deputy's actions. *See* n.1.

glaring problem presented in this case—which is whether the Court should permit an expert to charge a flat rate fee for his deposition. The answer is that a flat rate fee does raise a red flag with respect to whether expert fees are reasonable, and requires the Court to closely scrutinize the situation. Because a flat rate fee by its nature assumes that the expert will devote an approximately equal amount of time and skill for one event as another, the Court must examine the proposition with respect to the particular case in front of it to see if there is a rational basis for such a fee. For example, it is standard practice that physicians charge, and insurance companies reimburse, fixed amounts for certain medical procedures because they have been routinized. However, that is not the case with depositions. Some may last an hour, some may last days. For this reason, a flat rate fee is not normally reasonable. *See Brought v. Batson*, No. CV020347176S, 2003 WL 23149946 (Conn.Super.Dec.17, 2003)($5,000.00 for a deposition by a neurologist was patently unreasonable, but expert fee of $400.00 per hour allowed).

In the instant case, defendants have not shown a reasonable basis for the expert's $2,000.00 flat rate fee for a deposition at his own office.[3] They state that he blocks out an entire day for a deposition. But that does not explain why he does that for all depositions, even short ones. It appears that their expert does consultation for his business and that if he is not in deposition or trial, or on investigation, he can spend his time reviewing reports. Consequently, in the instant case, the Court does find that a flat rate fee of $2,000.00 for a deposition, which *could* amount to over $600.00 per hour, is exorbitant.[4] The expert is not like the physician who may have to block out time when he or she could see patients. *Harvey v. Shultz*, No. 99–1217–JTM, 2000 WL 33170885 (D.Kan. Nov.16, 2000)(expert was a physician who lost income because he could not schedule patients during that time). And, even if

he were, there is no indication that the expert will lose an entire day's income. The mere fact that defendants' expert and another expert choose to use flat rates does not convince the Court that such a tactic is reasonable. *See* n.4. Courts must be on guard against exorbitant expert fees, and retain the ultimate responsibility to keep litigation costs from becoming unreasonable. *See Edin v. Paul Revere Life Ins. Co.*, 188 F.R.D. 543, 547 (D.Ariz.1999).

Although the Court has rejected the expert's flat rate fee, the Court must determine what a reasonable fee would be. The place to start is by selecting an hourly fee. It appears that defendants' expert charges $250.00 per hour as a general fee for consultation, investigation, and preparation. This is twice what plaintiffs' experts charge. While the differential seems large, plaintiffs have not given the Court sufficient information for the Court to find that $250.00 for a "national" expert is unreasonable. Instead, plaintiffs only rely on the fees charged by their experts. It would have been helpful for plaintiffs to show the fees of experts other than their own, as defendants did. The $250.00 per hour fee amounts to $2,000.00 for an eight-hour deposition. Finally, as defendants point out in their brief, the flat rate fee does not include preparation time, which some courts find to be a reasonable inclusion. *Fleming v. United States*, 205 F.R.D. 188, 190 (W.D.Va.2000). The Court-imposed $250.00 per hour fee does not include the preparation time either. Therefore, the Court will use the $250.00 figure as a base amount.

The next problem is how should the hourly fee be administered. Because depositions can be of an uncertain length, an expert may be called upon to reserve an indefinite amount of time, such as a half-day or a day. In that instance, a party may have to pay for that reservation, whether that time is used or not. This situation particularly arises when the expert, such as a physician, has had to

---

**3.** The Court notes that defendants' expert charges $3,000.00 per day when the location for the deposition is chosen by counsel. Such a fee has a better chance of being found reasonable because there, the expert may have to reserve an entire day, considering travel time, etc.

**4.** The Court has a duty to do more than merely determine what the traffic will bear. Rather, it must determine reasonable fees. *Jochims v. Isuzu Motors, Ltd.*, 141 F.R.D. 493, 497 (S.D.Iowa 1992).

clear his or her schedule and, therefore, will have lost income. *Harvey, supra* (physician required 4–hour minimum when deposition length unspecified). A consultant also has a right to budget his or her time. A review of defendants' documents shows that the expert does spend time traveling and testifying. Therefore, it is only reasonable that, if plaintiffs' wish to take the expert's deposition on an hourly basis, he have a firm schedule. Plaintiffs have stated that they believe that they will only request two to three hours of the expert's time; but the expert has a right to know the approximate time the deposition will take, so that he can adjust his schedule accordingly. Therefore, if plaintiffs wish to depose defendants' expert, they will reserve the number of hours for which they wish to depose the expert, and shall pay a fee of $250.00 per hour for any hour or part of an hour for which the expert is deposed. Any time spent in the deposition less than that reserved because of an abrupt termination shall, nevertheless, be paid by plaintiffs. *See Edin, supra,* at 548.

**IT IS THEREFORE ORDERED** that plaintiffs' motion to determine a reasonable expert fee (docket no. 35) pursuant to Fed. Rule Civ. P. 26(b)(4)(C) is granted, and plaintiffs shall reserve the amount of hours for which they wish to depose defendants' expert and pay at a rate of $250.00 per hour for each hour or part of an hour for which the deposition lasts and, in no event, less than $250.00 for the amount of time reserved.